IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Margaret Cramer, | ) | Civil Action No. 5:14-cv-03857-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Mary Ann Walley, National Casualty | ) | |
| Company, | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Margaret Cramer ("Plaintiff") filed this action to recover damages for personal injuries sustained from an automobile collision that occurred on September 16, 2013. This matter is before this court pursuant to the following motions: Plaintiff's Motion to Remand (ECF No. 11) the case to the Court of Common Pleas for Orangeburg County, South Carolina, pursuant to 28 U.S.C. § 1447(c), and Plaintiff's Motion to Dismiss the counterclaim for declaratory judgment of Defendant National Casualty Company ("National Casualty") (ECF No. 12). Defendant Mary Ann Walley ("Walley") opposes Plaintiff's Motion to Remand and requests this court to retain jurisdiction. (ECF No. 18.) National Casualty also moves to sever Plaintiff's claims against Walley from her claims against National Casualty (National Casualty and Walley collectively referred to as "Defendants") pursuant to Fed. R. Civ. P. 21, to remand the cause of action against Walley to South Carolina state court, to expedite the hearing, and to dismiss Plaintiff's claims against National Casualty for breach of contract and bad faith pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 13-1.)

For the reasons set forth herein, the court **SEVERS** Plaintiff's claims against Defendant Mary Ann Walley from those against Defendant National Casualty (ECF No. 13), **DENIES** National Casualty's Motion to Expedite (*id.*), and **GRANTS** National Casualty's Motion to

1

Dismiss (*id.*). The court further **GRANTS** Plaintiff's Motion to Remand as to the claim against Walley (ECF No. 11) and **DENIES** Plaintiff's Motion to Dismiss National Casualty's counterclaims. (ECF No. 12.)

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a single Complaint against both Defendants on August 26, 2014, in the Court of Common Pleas for Orangeburg County, South Carolina. The Complaint alleged Walley acted negligently in operating her motor vehicle in causing her vehicle to collide into Plaintiff; in driving too fast for conditions; in operating a motor vehicle while being distracted or through inattention; in failing to keep a proper outlook; in failing to observe Plaintiff appear in front of [Walley's] vehicle; in failing to properly brake her vehicle to avoid collision; in failing to keep a proper distance from Plaintiff; in failing to take any evasive action by means to keep from causing the collision; in driving off the side of the road; in 'rubbernecking' to view a motor vehicle accident instead of using care and caution while passing through; in having the last clear chance to avoid Plaintiff; in failing to obey the statutory and common laws of the State of South Carolina; in failing to use the degree of caution and care that a reasonable driver would have used under the same or similar circumstances then and there prevailing; in operating the said motor vehicle in whole or in part in a careless, reckless, willful, and wanton disregard for others; and in otherwise being negligent or reckless as a matter of law, all of which were the direct and proximate cause of the injuries and damages suffered by Plaintiff. (ECF No. 1-1 at 4 ¶ 20(a)-(p).)

As for National Casualty, liability is asserted under an alleged underinsured motorist ("UIM") insurance policy. According to the Complaint, on September 16, 2013, Plaintiff was operating an ambulance while under the employment of Saint Matthews Ambulance Service,

LLC.  (ECF No. 1-1 at 2 ¶ 5.)  On September 16, 2012, National Casualty, under policy number

CAO025149, insured said ambulance. (*Id*. at ¶ 7.)   The UIM provided for $100,000.00 single

limit coverage.   (ECF No. 1 at 1-2 ¶ 3.)   On September 16, 2013, Plaintiff became a first

responder to a motor vehicle accident that occurred on Highway 906 in Orangeburg, South

Carolina.  (ECF 1-1 at 2 ¶ 9.)  Upon arrival, Plaintiff alleges to have stopped in the lane of traffic

with the Ambulance fully running and the emergency lights flashing.  (*Id*. at ¶10.)   After the

Plaintiff exited the ambulance, Plaintiff was struck by a motor vehicle driven by Walley.  (*Id*. at

¶ 10.)   At the time of the collision, Walley was operating a motor vehicle that was underinsured

and was incapable of fully compensating Plaintiff for her damages.   (*Id*. at ¶ 14.)   National

Casualty has denied underinsured motorist coverage benefits to Plaintiff claiming that she is not

an "insured" under the language of the Insurance Policy. (*Id.* at ¶ 17.)  Plaintiff asserted a claim

pursuant to the S.C. Uniform Declaratory Judgment Act, S.C. Code § 15-53-10 (2014) *et seq*. for

a declaration of the rights, status and other legal relations of the parties related to underinsured

motorist coverage for Plaintiff (ECF No. 1-1 at 5).   Specifically, Plaintiff requests an order

declaring that the definition of the word "Insured", "Occupying" or any other word or phrase that

National Casualty may rely upon to limit or deny Plaintiff underinsured motorist coverage is

void and invalid as it attempts to alter, or conflicts with South Carolina statutory laws regarding

motor vehicle insurance, and as a matter of public policy.  (ECF No. 1-1 at 6 ¶¶ 32, 33.)  Plaintiff

also asserts National Casualty is liable for breach of contract (ECF No. 7 at ¶¶ 37-40) and for bad

faith and improper claims practice (ECF No. 7-8 at ¶¶ 41-47).

Defendants timely filed a Notice of Removal to the South Carolina District Court (ECF

No. 1), along with their Answers (ECF Nos. 4 & 5), asserting the court has jurisdiction over the

matter based on diversity of citizenship and an amount in controversy exceeding $75,000.00,

pursuant to 28 U.S.C. 1332 and 28 U.S.C. § 1441 (ECF No. 1 at 1 ¶¶ 2,3).  Defendants assert that National Casualty is a Wisconsin corporation with its principle place of business in Arizona and that Walley "has been fraudulently misjoined to the Plaintiff's action against National Casualty, and is therefore a sham defendant in the controversy between Plaintiff and National Casualty" meant only to destroy diversity jurisdiction.  (ECF No. 1 at 2-3 ¶¶ 5, 8.)  On October 17, 2014, National Casualty filed an Amended Answer (ECF No. 9), asserting a counterclaim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 13 alleging that Plaintiff was not covered as an "insured" at the time of the accident.

On October 29, 2014, Plaintiff moved the court to remand the entire case and dismiss National Casualty's counterclaim for declaratory judgment, arguing that her multiple claims are not improperly joined and that this court should decline to exercise jurisdiction based on the abstention doctrine.  For jurisdictional purposes, Plaintiff alleges she is a citizen of South Carolina (ECF No. 1-1 at 1 ¶ 1), National Casualty is a Wisconsin Corporation with its principle place of business in Arizona (ECF No. 1 at 2 ¶ 5), and Walley is a citizen of South Carolina (ECF No. 1 at 2 ¶ 6).  On October 31, 2014, National Casualty moved to sever Plaintiff's claims against Walley from her claims against National Casualty, remand the cause of action as to Walley to South Carolina state court, to expedite the hearing, and to dismiss Plaintiff's causes of action against National Casualty for breach of contract and bad faith.  (ECF No. 13.)

## II.    LEGAL STANDARDS AND ANALYSIS

### A. Removal from State Court

Federal courts are courts of limited jurisdiction.  A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  A federal district court has "original jurisdiction of all civil actions where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states; . . . ." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT&T Mobility LLC*, 350 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted). Under Section 1332, there must be complete diversity of all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity exists where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

The amount in controversy is not in dispute. (ECF No. 1-1 at 1-2 ¶ 3.) However, in their Notice of Removal, Defendants urge use of the fraudulent joinder doctrine, which "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Cobb v. Delta Exp. Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999)). To use this exception, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir.

5

1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).  Defendants allege the latter.

Defendants urge that Walley is a "sham Defendant in the Plaintiff's case against National Casualty because she has been improperly joined in the case against National Casualty [and] Plaintiff cannot establish viable claims against Walley and against National Casualty that arise from the same transaction or occurrence and involve mutual questions of law and fact."  (ECF No. 1 at 6 ¶ 18.)  Defendants reason that because "South Carolina law does not [allow] these defendants to be joined in one action, Walley was improperly joined in this action and her South Carolina citizenship must be disregarded for purposes of determining whether diversity jurisdiction exists." (ECF No. 1 at 7 ¶ 19.)  Accordingly, National Casualty urges that Plaintiff's single cause of action against Walley should be severed and remanded to state court, while this court should retain the direct claims against National Casualty.  (*Id*. at ¶ 20.)

Plaintiff alleges that Walley is "not a 'sham defendant' and any alleged procedural misjoinder is not a basis for removal."  (ECF No. 11 at 1.)  Furthermore, Plaintiff urges the court to abstain from deciding  "the unsettled insurance coverage questions that are governed by South Carolina law."  (*Id*.)  And lastly, Plaintiff asserts that the position taken by National Casualty relating to whether Plaintiff is an "insured" under the UIM Policy runs counter to well-established South Carolina law, in particular, the holding of *South Carolina Farm Bureau Mut. Ins. Co. v. Kennedy*, 730 S.E.2d 862 (S.C. 2012). Yet, the holding in *Kennedy* is distinguishable from the events that took place in the current action.  In *Kennedy*, the plaintiff was found to be "upon" or "occupying" the truck when he merely had to remove contact from the truck to avoid injury, while in the instant case, Plaintiff seems to have been directing traffic at the time of the accident.

The weight of authority holds that claims for negligent operation of an automobile do not arise from the same transaction or occurrence as a subsequent claim against an insurer or a declaratory judgment action involving coverage questions, and therefore cannot be joined under Fed. R. Civ. P. 20. *See, e.g., Pollock v. Goodwin*, 2008 WL 216381, at *3 (D.S.C. Jan. 23, 2008) (recognizing that bad faith/breach of contract claims against a UM carrier are "wholly distinct in character from" negligence claims against individuals arising out of an automobile accident and thus improperly joined under Rule 20, as an accident is not part of the "transaction" giving rise to contract-based claims against a UM carrier); *see also Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (finding tortfeasor and uninsured motorist carrier were fraudulently joined, and severing and remanding plaintiff's tort claim against non-diverse defendant tortfeasor arising out of an automobile accident, while retaining contract and bad faith claims against diverse defendant uninsured motorist carrier); *Pena v. McArthur*, 889 F. Supp. 403 (E.D. Cal. 1994) (finding that plaintiff's claim against uninsured driver was improperly joined with plaintiff's claims against her insurer for bad faith); *Beaulieu v. Concord Group Ins. Co.*, 208 F.R.D. 478 (D. N.H. 2002) (finding plaintiff's claims against insured for negligent driving were separate and independent from her claims against insurer for bad faith); *Gruening v. Sucic*, 89 F.R.D. 573 (E.D. Pa. 1981) (finding plaintiffs' claims for negligent driving were improperly joined with their claims against their insurer for breach of fiduciary duty). Thus, because Plaintiff's tort claim against Walley is wholly distinct from Plaintiff's coverage and bad faith claims against National Casualty, the claims are misjoined in this action.

**B. Severance of Claims Upon Removal from State Court**

Rule 21 of the Federal Rules of Civil Procedure provides that the court may "sever any claim against a party." Fed. R. Civ. P. 21. A court severing claims against parties to a suit under

7

Rule 21 has "virtually unfettered discretion in determining whether or not severance is appropriate." *Grayson Consulting, Inc. v. Cathcart*, No. 2:07-cv-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (internal citation and quotations omitted). Four factors are considered in evaluating severance under Rule 21: (1) whether the issues sought to be severed are "significantly different from one another;" (2) whether the issues require different witnesses and evidence; (3) whether the "party opposing severance will be prejudiced; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." *Id.* (citation omitted). Additionally, when a civil action is removed, 28 U.S.C. § 1441(c)(2) provides that the court may sever and remand to the state court from which it was removed any claim that is not within the original or supplemental jurisdiction of the court. 28 U.S.C. § 1441(c)(2). Under Fed. R. Civ. P. 21, the court is vested with discretion to "add or drop a party" or "sever any claim against a party . . . at any time, on just terms." See also S.C. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.")

It is appropriate to sever the claims against Defendants. Settled case law states that the claims may not be joined together. *See e.g., Pollock*, 2008 WL 216381, at *3. Additionally, the plain language of Fed. R. Civ. P. 20 does not permit Plaintiff to join these independently viable claims together in the same lawsuit. Furthermore, this decision is bolstered by evaluating the factors used to determine if severance is appropriate. Specifically, the party requesting severance would be prejudiced if the claims were not severed because a jury would likely find that both Defendants' claims are aligned and therefore covered by insurance. Such is not the case here. In

light of the fact that prejudicial evidence and argument may bias and affect the fact-finder's determinations, the claims against Walley and National Casualty are hereby **SEVERED**.

**C. National Casualty's Motion to Dismiss Plaintiff's Claims for Breach of Contract and Bad Faith Pursuant to Rule 12(b)(6)**

A motion under Rule 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that Plaintiff cannot prove any set of facts in support of its claim that entitled it to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc*., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*)

Plaintiff's Complaint alleged that she was insured under a policy of automobile insurance issued by National Casualty to Plaintiff's employer, Saint Matthews Ambulance Service, LLC. Plaintiff's Complaint further alleges that she was injured as a result of an automobile-pedestrian accident that occurred on September 16, 2013, involving Walley, and that as a result Plaintiff is entitled to underinsured motorist benefits under the National Casualty policy. However, Plaintiff never brought suit against Walley for Walley's alleged negligence until Plaintiff filed this single action against both Walley and National Casualty. Taking all allegations of Plaintiff's Complaint to be true, Plaintiff has failed to state a claim against National Casualty for which relief can be granted because she has failed to comply with applicable provisions of South Carolina law relating to UIM benefits.

The issue in this case is squarely addressed by S.C. Code Ann. § 38-77-160 (2014). Under South Carolina law, "no action" may be brought under a policy's UIM provision "unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the [UIM] provision." S.C. Code Ann. § 38-77-160 (2014). *See also Donaldson v. Tixier*, 528 S.E.2d 679, 680-81 (S.C. Ct. App. 2000) (noting that § 38-77-160 imposes an "absolute" requirement of service upon the insured prior to commencement of an action against the allegedly at-fault driver.) Moreover, the statute expressly affords National Casualty the right to appear and defend in the name of the allegedly at-fault driver for its own benefit. Accordingly, National Casualty had no duty to pay benefits until its insured has recovered a judgment in excess of the at-fault motorist's (Walley) liability limits. *William v. Selective Ins. Co. of the Southeast*, 446 S.E.2d 402, 403-04 (S.C. 1994). Otherwise, an insured

10

could simply demand that his UIM carrier tender the policy limits and if the carrier fails to do so can bring a suit for bad faith – which is exactly what Plaintiff is attempting to do in the instant case.

National Casualty correctly points out that in *Halmon v. Am. Int'l Grp. Ins. Co.*, 586 F. Supp. 2d 401, 403 (D.S.C. 2007), a case with an identical factual scenario, the District Court granted a motion to dismiss the plaintiff's claims against the defendant for breach of contract and bad faith.  (ECF No. 13-1 at 9.)  In *Halmon*, the District Court dismissed Halmon's breach of contract claims, finding that South Carolina law clearly requires that a person may not recover under their UIM policy until they have established liability on the part of the underinsured motorist.  *Id.* at 405 (citing *Lawson v. Porter*, 180 S.E.2d 643, 644 (S.C. 1971) ("Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist.")).  In addition, the District Court also dismissed Halmon's claim for bad faith and improper claims practices, finding that those claims were also premature.

In the instant case, National Casualty has not violated any duty of good faith to Plaintiff regarding the payment of UIM benefits, because that duty had not arisen at the time Plaintiff filed the complaint against National Casualty.  Plaintiff did not serve National Casualty with copies of pleadings in any action establishing liability on the part of Walley before Plaintiff commenced an action against National Casualty for breach of contract/good faith.  The first time National Casualty received notice of an action against Walley was when it simultaneously received notice that Plaintiff was also suing them for bad faith and beach of contract – in the same action against the alleged at-fault driver.  However, National Casualty could not have breached its contract with Plaintiff until Walley's liability had been established in a state court proceeding.  Moreover, National Casualty's duty to act in good faith regarding uninsured

11

benefits did not arise until after Plaintiff brought suit against Walley and served National Casualty with process.  Accordingly, the court **DISMISSES** Plaintiff's claims against National Casualty for breach of contract and bad faith.

## D. Plaintiff's Motion to Dismiss Claims Pursuant to Rule 12(b)

Plaintiff moved to dismiss National Casualty's counterclaims based on Fed. R. Civ. P. 12(b).[1]  Within her motion, Plaintiff points to her Motion to Remand as grounds for the Motion to Dismiss.  Within Plaintiff's Motion to Remand, Plaintiff relies on the abstention doctrine. (ECF No. 11 at 3.)  In some instances, federal courts have the power to dismiss . . . cases based on abstention principles, but only where the relief being sought is equitable or otherwise discretionary.  *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 731 (1996).  Where plaintiff seeks legal relief, abstention doctrines do not apply.  (*Id.*)  In the instant case, Plaintiff seeks declaratory relief in the form of a declaration of National Casualty's obligations under the insurance policy as well as monetary damages for the alleged breach of the insurance contract and bad faith refusal to pay a claim.  This court does not have the discretion to dismiss these claims under the abstention doctrine.  *See Myles Lumber Co. v. CAN Fin. Corp.,* 233 F.3d 821, 823 (4th Cir. 2000) (finding district court abused its discretion by abstaining in action removed from state court in which the plaintiff sought a declaratory judgment related to its commercial general liability policy, as well as claims against the insurer for breach of contract and unfair trade practices).  Thus, the abstention doctrine is wholly inapplicable to this case, and Plaintiff's Motion to Dismiss is **DENIED**.

## E. National Casualty's Motion to Expedite the Hearing

National Casualty's Motion to Expedite is **DENIED** as Moot.

---

[1] A discussion regarding jurisdiction is set forth above. *See supra* Part II.A.

### III.     CONCLUSION

For the foregoing reasons, the court **SEVERS** Plaintiff's claims against Defendant Mary Ann Walley from those against Defendant National Casualty (ECF No. 13), **DENIES** National Casualty's Motion to Expedite (*id.*), and **GRANTS** National Casualty's Motion to Dismiss (*id.*). The court further **GRANTS** Plaintiff's Motion to Remand as to the claim against Walley (ECF No. 11) and **DENIES** Plaintiff's Motion to Dismiss National Casualty's counterclaims.  (ECF No. 12.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 30, 2015
Columbia, South Carolina

13